Newman, J.
It appears from the allegations of the amended answer and cross-petition that defendant in error was a member of an unlawful combination, as defined by Section 6391 et seq., General Code, known as the Valentine anti-trust law. No claim is made here that plaintiff in error can avoid payment of the account sued on upon the ground that defendant in error was a member of this unlawful combination, although this point was made in the lower courts. It is insisted, however, that plaintiff in error may set up by way of counterclaim the damages he sustained in the purchase of the lamps mentioned in the account sued on by reason of this unlawful combination and, by way of set-off, the damages he sustained during the four years in which he dealt with defendant in error.
Under the Valentine anti-trust law damages are allowed to a person injured in his business or property by reason of an unlawful combination, Section 6397 providing: “In addition to the civil and criminal penalties provided in this chapter, the person injured in his business or property by another person, or by a corporation, association or partnership, by reason of anything forbidden or declared to be unlawful in this chapter, may sue therefor in any court having jurisdiction thereof in the county where the defendant or his agent resides or is *110 found, or where service may be obtained, without respect to the amount in controversy, and recover twofold the damages sustained by him and his costs of suit. When it appears to the court, before which a proceeding under this chapter is pending, that the ends of justice require other parties to be brought before such court, the court may cause them to be made parties defendant and summoned whether they reside in the county where such action is pending, or not.”
The contention of counsel for defendant in error is that the action which this statute authorizes must be a direct one.
It appears from the answer and cross-petition that plaintiff in error was compelled to purchase from defendant in error, a member of the unlawful combination, lamps for his trade at an advanced figure, entailing upon him a heavy loss in trade and profit on account thereof, and that the account sued on is for a portion of the lamps so purchased by him, and a claim is made for damages under the provisions of the Valentine anti-trust, law.
' The question presented, then, is whether such a claim for damages is a counterclaim under Section 11317, General Code, where it is defined to be “a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff’s claim, or connected with the subject pf the action.”
*111 The account sued on was for lamps purchased at the advanced price fixed by the unlawful combination. The sale of these lamps at this price gave rise to a cause of action in favor of plaintiff in error and was referable to the transaction had between the parties when the sale was made, and, in the language used in Section 11317, it was “connected with the subject of the action.” As we view it, the claim of plaintiff in error answers the statutory requirement of a counterclaim and it was error to sustain the demurrer to the third defense.
As to the first defense, in which plaintiff in error alleges the existence of the unlawful combination — • that by reason thereof the price of lamps to him was advanced and for a term of four years prior to the bringing of the action he was compelled to purchase of defendant in error lamps for his trade at such advanced figure, entailing upon him a heavy loss in trade and profit on account thereof, and that under the provisions of the Valentine antitrust law he is entitled to twofold damages — the court of common pleas took the view that this claim for damages was upon a liability created by statute and therefore could not be pleaded as a set-off under Section 11319, General Code, which is as follows: “A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract.”
The action of defendant in error, being one on a book account, was founded on contract. It is true *112 that the liability of defendant in error to pay damages is fixed by Section 6397, supra, but the cause of action in favor of plaintiff in error grows out of his contract of purchase. Had there been no contractual relation between these parties no cause of action would have arisen in favor of defendant in error. This being true, plaintiff in error had the right to plead this cause of action as a set-off to the claim of defendant in error.
In the cases of Connolly v. Union Sewer Pipe Co., 184 U. S., 540, and Continental Wall Paper Co. v. Voight, 212 U. S., 228, to which our attention is called, the question we are considering in the present case was not decided. The Ohio statutes relating to counterclaims and set-offs were not before the court in the two federal cases, and the part of the opinion of the court in-the Connolly case quoted and relied on by counsel for defendant in error is, therefore, not in point.

Judgment reversed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.